UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

RAYMOND CHRISTIE,

                   Petitioner,

        v.                                9:06-CV-0004
                                                      (DNH)(GJD)
HAROLD MCKINNEY, Superintendent,
Mt. McGregor Correctional Facility,

                   Respondent.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:

RAYMOND CHRISTIE
Petitioner, *pro se*

DAVID N. HURD
U.S. District Judge

## DECISION and ORDER

By prior Order of this Court, petitioner Raymond Christie was afforded thirty days within which to file an amended petition indicating that his petition for a writ of habeas corpus is not time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]  Dkt. No. 3.

Petitioner's amended petition is before this Court for consideration.  Dkt. No. 5.

As noted in the Court's prior Order, petitioner's conviction became "final" for purposes of the AEDPA no later than December 31, 1997.  Accordingly, the statute of limitations for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254 expired one year later on December 31, 1998, except to the extent that it was tolled by properly filed post-conviction state court proceedings.  In this case, where the only state court action

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

taken by petitioner to challenge his conviction was a petition for writ of error coram nobis which was filed by petitioner in October, 2005, and denied by the Appellate Division, Third Department, in November, 2005, it appeared that the petition was time-barred. In light of petitioner's *pro se* status, however, he was afforded the opportunity to establish that the petition was timely filed.

In his amended petition, petitioner does not claim to have filed any additional state court proceedings to challenge his conviction. Rather, petitioner appears to argue that the doctrine of equitable tolling applies in this case to excuse his failure to timely seek habeas corpus relief. In support of that claim, petitioner states that on five occasions during his confinement in various New York state prisons, he was denied the assistance of an inmate law clerk to prepare "a writ" on petitioner's behalf. Dkt. No. 5 at 1. Petitioner further claims that, as a result of his having sought the assistance of a law clerk, he was extorted, assaulted and beaten by other inmates on at least eight different occasions. Plaintiff alleges that he therefore stopped seeking access to the prison law libraries until March, 2005, when he was transferred to Mt. McGregor Correctional Facility. According to petitioner, he "found it possible" to seek legal assistance at Mt. McGregor "without fear of retribution and violence or extortion." Id. at 2.

The AEDPA's limitations period will be equitably tolled only in extraordinary situations. As the Second Circuit has stated, equitable tolling applies only in the "rare and exceptional circumstance." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted). To be entitled to the benefit of equitable tolling, a petitioner must show that (1) "extraordinary circumstances" prevented him from filing his habeas petition on time, and (2) he "acted with reasonable diligence throughout the period he

seeks to toll." Id.; see also Smaldone v. Senkowski, 2000 WL 1134391 at *5 (E.D.N.Y. Aug. 3, 2000).

In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances. See Gant v. Goord, 2006 WL 1216722 (W.D.N.Y. May 8, 2006) Amante v. Walker, 268 F.Supp.2d 154, 158 (E.D.N.Y. 2003); Lindo v. Lefever, 193 F.Supp.2d 659, 663 (E.D.N.Y. 2002). Moreover, a petitioner seeking to equitably toll the limitations period must demonstrate reasonable diligence even after the occurrence of an extraordinary event. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation ... is broken, and the extraordinary circumstances therefore did not prevent timely filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

In this case, petitioner's claims that extraordinary circumstances prevented him from timely filing for habeas corpus relief are set forth in the amended petition only in the most general of terms, and are not supported by any documents or other evidence. Petitioner has not set forth the dates on which he requested legal assistance or the nature or form of the alleged denials; nor has he identified the prison in which he was confined when he requested assistance or when he was allegedly mistreated by other inmates. On the basis of the information provided by petitioner, the Court cannot find that petitioner was "prevented in some extraordinary way" from exercising his right to seek federal habeas corpus relief. Smith v. McGinnis, 208 F.3d at 17 (citation omitted).

Petitioner has also failed to demonstrate that he acted with reasonable diligence throughout the eight year period he seeks to toll. Petitioner's mere assertion that he requested legal assistance five times in eight years does not satisfy this requirement.

In sum, the information submitted by petitioner does not establish that extraordinary circumstances existed which warrant the equitable tolling of the limitations period for approximately eight years. Accordingly, because the petition was filed long after the limitations period expired in December,1998, the filing is time-barred and this action is dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed as time-barred for the reasons set forth herein and in the Court's prior Decision and Order in this action (Dkt. No. 3), and it is further

ORDERED, that the Clerk serve a copy of this Order on the petitioner.

IT IS SO ORDERED.

Dated: June 19, 2006
       Utica, New York.

United States District Judge